CRANE V. MALONY ET AL.

1. **Evidence:** WEIGHT OF. Letters written to each other by the respective parties, relating to the subject matter of the controversy, are competent testimony whose weight is properly left to the jury.

2. **Administrator:** PRACTICE: JURISDICTION: In an action in the District Court where the petition showed that the claim was for a mere money demand against an administrator; that no lien was sought to be enforced therefor; and there was no evidence offered that the Circuit Court had given its permission that such action might be instituted, it is not error for the court to exclude the claim from the jury.

3. **Verdict:** NEW TRIAL: EVIDENCE. A new trial will be granted when the verdict is not sustained by sufficient evidence.

*Appeal from Dubuque District Court.*

FRIDAY, JUNE 19.

THIS action is brought on four promissory notes, three of which are secured by mortgages. The cause was tried to a jury. Verdict and judgment for defendants. Plantiff appeals.

*Crane & Rood,* for appellant.

*H. T. McNulty,* for appellees.

MILLER, CH. J.—It is averred in the answer that the notes and mortgages sued on were made by Lawrence Malony, deceased, and the defendant, Maria A. Malony, his wife, and

delivered to Eugene Shine, deceased, for the purpose of enabling him to raise money thereon for the joint benefit of Malony and Shine ; that they were never negotiated by him or any money raised thereon ; that no consideration whatever has ever been paid for the same; and that the maker never received any consideration therefor. It is also alleged that Shine, during his lifetime, obtained from Malony and wife these notes and mortgages through false and fraudulent representations, for the purpose of fraudulently acquiring a lien on the property of the makers, and for the purpose of cheating and defrauding said Malony out of the same. It is also, in another count, averred that the notes and mortgages have been fully paid and satisfied.

I.   Appellant's first assigned error, urged in argument, is to the giving of the 6th, 7th, and 8th paragraphs of the court's charge to the jury. These instructions relate to the issues of fraud and want of consideration, set up in the answer. The ground upon which it is claimed they are erroneous is, that there was no evidence in the case that would render the instructions applicable. The evidence as we view it was addressed principally to these issues. It consists largely of numerous letters written by, and addressed to, the respective parties. These letters, together with the oral testimony, tended to show the true nature of the transactions, concerning the object and purpose for which the notes and mortgages were executed, and also tended to show, in some degree at least, that they were without consideration. As to the weight of this evidence, it was properly left to the jury, and we see no good reason for disturbing their finding thereon.

1. EVIDENCE: weight of.

II.   The fourth note sued on is for the sum of two thousand dollars, made by Lawrence Malony only, and was not secured by mortgage. In regard to this note the court gave the following instruction, to-wit : " The note for two thousand dollars, which has been offered in evidence before you, not having been presented to the Circuit Court of this county, and leave granted by it to prosecute this note herein, and such facts having been pleaded, you will therefore not consider such note as before you, as it is expressly excluded by the court."

2. ADMINISTRATOR: practice: jurisdiction.

The plaintiff assigns the giving of this instruction as error. On this note a judgment is sought against Maria A. Malony and Patrick Quigley as administrators of the estate of the deceased maker. No lien is sought for this note. Section 2395 of the revision provides that " claims for a mere money demand, where no lien is sought to be enforced, shall not, except with the approbation of the county court, be prosecuted originally in the District Court." The claim on this note comes clearly within this provision of the statute. And while the District Court is not ousted of its jurisdiction, strictly speaking, over the subject matter, yet the party holding the cause of action is inhibited from suing thereon in the District Court, except with the approbation of the County (now Circuit) Court. *Sterritt v. Robinson* 17, Iowa 61; *Goodrich v. Conrad*, 24 Id, 254. Appellant urges, however, that the court erred in stating to the jury as a fact that the note had not been presented to the Circuit Court for its approbation.

The plaintiff's petition showed that the claim was for a mere money demand against the administrators ; that no lien was sought to be enforced therefor, and there was no evidence whatever that the Circuit Court had given its approbation to a suit thereon in the District Court, or that the claim had been presented to the Circuit Court for that purpose. The court therefore might properly state a fact which, under the pleadings and evidence, neither party could or did deny, which was that the claim had not been presented to the Circuit Court for its permission to sue thereon in the District Court, and for that reason the plaintiff could not maintain his action thereon. See *Russ v. Steamboat War Eagle*, 14 Iowa, on p. 373 ; see also *Potter et al. v. Wooster et al.*, 10 Id., 334. In the absence of the approbation of the County Court, plaintiff could not under the law maintain his action on this claim, the objection being taken in the answer, and plaintiff's own pleading showing that it belonged to the class mentioned in the section of the statute above quoted. There being no evidence of such approbation there was no error in the instruction. See *Goodrich v. Conrad, supra.*

III.   It is next urged that the verdict is not sustained by the

evidence.    In respect to the note declared on in the first count
of plaintiff's petition, we are of opinion that, as the case stands, there was no sufficient evidence to warrant the jury in finding for the defendant, and that, as to the claim on this note, a new trial ought to be granted.    With reference to the other issue in the case we cannot say that the verdict thereon is unsupported by the evidence.    As to the issue on the first count of the petition the judgment will be

3 VERDICT: new trial: evidence.

REVERSED.